IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3238-D

JAMES PETERSON,                           )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          **ORDER**
                                          )
HARNETT COUNTY SHERIFF'S                  )
DEPARTMENT, et al.,                       )
                                          )
            Defendants.                   )


On October 8, 2025, James Peterson ("Peterson" or "plaintiff"), a pretrial detainee

proceeding pro se, filed a letter which the clerk construed as a complaint under 42 U.S.C. § 1983

[D.E. 1]. On October 29, 2025, Peterson filed his complaint on the correct form [D.E. 7]. Peterson

moves for appointment of counsel [D.E. 14] and to have his "case information . . . referred to the

North Carolina Human Relations Commit[t]ee" [D.E. 15].[1] As explained below, the court denies

Peterson's motions, reviews Peterson's complaint, dismisses all claims and defendants except

Peterson's excessive force claims against defendants Ennis, Smith, Jones, and Crum, and directs

Peterson to file one amended complaint on the proper form.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court

must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon

---

[1] Peterson filed this motion in two other cases in this district. See Motion, Peterson v. Harnett Cnty. Sheriff's Dep't, No. 5:25-CT-3219-D (E.D.N.C. Dec. 3, 2025), [D.E. 18]; Motion, Peterson v. Anne, No. 5:25-CT-3237-D (E.D.N.C. Dec. 3, 2025), [D.E. 13]. The court cautions Peterson not to make identical filings across multiple cases.

which relief may be granted." 28 U.S.C. §§ 1915A(a)–(b)(1). A frivolous claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation and citation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

2

Peterson names as defendants Harnett County Sheriff's Department, Captain Ennis ("Ennis"), Travis Smith ("Smith"), Matt Jones ("Jones"), Officer Crum ("Crum"), Circle K Corporate, Circle K Corporate employee Tiffany ("Tiffany"), Circle K Corporate risk department employee Angi ("Angi"), Cape Fear Valley Hospital, and Sheetz Gas Corporate. See [D.E. 7] 3–4. The allegations of Peterson's complaint arose on July 17 and 18, 2025, and August 30, 2025. See id. at 5. Peterson's complaint is rambling and disjointed. Peterson describes the facts underlying his claims as follows:

> On July 17th of 2025, Harnett County Sheriff's Dept used racial discrimination and negligence when they allowed without investigation, Circle K corporation and employee Tiffany to trespass [him]. [Peterson] had only arrived in [his] vehicle listening to music when the employee came out the store yelling "sir are you ok." [Peterson's] music was low, song Geowulf "Stay Baby" when [he] entered the store all [he] said was "Ma[']am I'm perfectly fine." She then said "nigga you need to get out" in front of 5-6 white female customers. She called the sheriff's dept and when they arrived [Peterson] waited on explanation providing ID and telling them [he] did nothing. They then trespassed [Peterson] for no reason, not providing an explanation. Allowing Circle K to use negligence and racial discrimination as well. [Peterson] reported this to "Angi" Circle K corporate risk department and Captain Ennis – Sheriff's department.
>
> The very next day now forced to shop further from [his] home at Sheetz gas station, Sheetz employees and corporate lied on [him] gender/sexual orientation discrimination. After [Peterson] had done [his] shopping, paid for [his] items, and had a positive conversation with the 2 register clerks, allowed a white male waring a "Whites Hate Trump" shirt to threaten [him], then file a false police report claiming the reverse. Harnett County Sheriff's Dept arrived, 4-5 officers led by Matt (Mack) Jones never listened or investigated [Peterson's] side of the story. Then proceeded to jump over the table to choke, beat, slam, and taze [him] in front of the store for over 30 minutes showing negligence, racial discrimination, gross excessive use of force to then charge [him] and put [him] in ambulance to Harnett Health – Lillington. [Peterson] believe[s] Circle K and Sheetz to so far be liable, and culpable in this case complicit with the sheriff's department assistance.
>
> At Harnett Health – Lillington they were negligent and used medical malpractice, and provided inadequate medical care based on the fact that the malicious and sadistically excessive use of force had hurt my left arm, ribs, chest, and throat. Being that my back and left arm have had prior surgery, these body parts were never examined. The staff had no care for the injuries [Peterson] expressed. [Peterson]

3

was then jailed, at the detention center received no medical care, and made bail a few days later still injured.

After this incident [Peterson] contacted again to speak with who [he] thought at the time internal affairs to report these (2) incidents and had been trying to now thinking all were connected to a January 1st of 2022 incident: 5:25-CT-3219-D, involving the department, negligence, racial and gender discrimination and excessive use of force, as well to file charges for attempted murder. When [Peterson] called to report a crime against [him], they failed to report this crime, beat [him], broke [his] arm, and took [him] to Harnett Health – Lillington where [he] was given no medical care and a nurse intended to take [his] life by putting the person who [he] was to report crime against name on [his] wristband and almost injecting [him] with a full syringe full of morphine. [Peterson] believe[s] these incidents are interconnected. So [Peterson] reached out to "internal affairs" Captain Ennis. After which [he] had officers arrive to [his] home 3 times, with no reasonable articulable suspicion as to why. Once stating [he] was "jumping out in front of cars" and with Officer Crum deploying 3 tasers at [his] back at once, another time stating [his] "mental health" and a third calling the fire department then claiming [he] had "removed something off a fire[.]" [Peterson] was burning lawn debris.

The day of [his] first appearance at court having it be [his] vehicle wouldn't function. [Peterson] rescheduled on the phone with the clerk, magistrate, and D.A. – on 8/30/2025 [his] vehicle having issues again, [he] was heading to the store. Vehicle shut off. [Peterson] reset [his] ELU it started and then Officer Travis Smith who [he] had encountered before at Circle K twice harassing citizens, his favorite word being fictious tag, cut on his blue lights, [Peterson] drove [his] vehicle in limp mode, hazard lights on less than 30 mph, less than 1/2 mile back to [his] home, then after again begging to speak to internal affairs [he] was shot at over 500 times in [his] vehicle, in front [his] home with over 50 officers, SWAT Team, helicopter in air, as [his] home was being raided, suffering injuries mentally, physically, emotionally. Then being charged with?

Here [Peterson] sit at Central Prison in Raleigh, no attorney, no answers, no resolution. Gross excessive use of force, racial discrimination, attempted murder, breaking and entering [his] home. Property damages [his] home and vehicle.

Id. at 5–7. Peterson seeks monetary damages and for "the sheriff's department to accept responsibility for the incident/s – 1/1/2022, 7/18/25, and 8/30/25." Id. at 8.

As for Peterson's claims against Tiffany and Angi, Peterson cannot succeed on a section 1983 claim against these defendants. These defendants are gas station employees and were not acting under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Peltier v.

4

Charter Day Sch., Inc., 37 F.4th 104, 115 & n.4 (4th Cir. 2022) (en banc); Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169–73 (3d Cir. 2004) (Alito, J.); Mentavlos v. Anderson, 249 F.3d 301, 310–14 (4th Cir. 2001); Davis v. Jenkins, __ F. Supp. 3d __, 2026 WL 851949, at *13 (E.D.N.C. 2026). Thus, the court dismisses Peterson's claims against Tiffany and Angi.

As for Peterson's claims against the Harnett County Sheriff's Department, Circle K Corporate, Cape Fear Valley Hospital, and Sheetz Gas Corporate, these entities are not "persons" subject to suit under section 1983. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Ragland v. Doe, 811 F. App'x 177, 177 (4th Cir. 2020) (per curiam) (unpublished); Smith v. Munday, 848 F.3d 248, 256 (4th Cir. 2017); Lindsay v. Dep't of Pub. Safety, No. 3:14-CV-158, 2014 WL 1875081, at *2 (W.D.N.C. May 9, 2014) (unpublished); Vandyke v. Francis, No. 1:12-CV-113, 2012 WL 2090649, at *3 (W.D.N.C. June 11, 2012) (unpublished); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Thus, the court dismisses Peterson's claims against these defendants.

To the extent Peterson alleges that on January 1, 2022, officers with the Harnett County Sheriff's Department used excessive force against Peterson; that following the January 1, 2022 incident, officers transported Peterson to a hospital in Lillington, North Carolina, where a nurse attempted to inject Peterson with morphine; that sometime in July or August 2025 officers at the Harnett County Sheriff's Department arrived at Peterson's home and deployed three tasers against him; and that sometime in July or August 2025 officers damaged Peterson's property, Peterson raised nearly identical claims in his prior actions. See Order, Peterson v. Harnett Cnty. Sheriff's Dept., No. 5:25-CT-3219-D (E.D.N.C. Jan. 15, 2026) ("Peterson I"), [D.E. 22]; Am. Compl., Peterson v. Anne, No. 5:25-CT-3237-D (E.D.N.C. Oct. 29, 2025) ("Peterson II"), [D.E. 5]. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may

5

dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (citations omitted); see D.C. ex rel. Chaplick v. Fairfax Cnty. Sch. Bd., 171 F.4th 255, 265 (4th Cir. 2026); I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986) (collecting cases). Additionally, under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

Peterson's claims that arose on January 1, 2022, duplicate Peterson I, and Peterson I controls in light of the final judgment on the merits. Compare Am. Compl. [D.E. 7], with Order, Peterson I, [D.E. 22]. Additionally, Peterson's claim that officers deployed three tasers against him duplicates Peterson II. Compare Am. Compl. [D.E. 7], with Am. Compl., Peterson II, [D.E. 5]. Peterson II remains pending, and Peterson shall make any more filings concerning officers deploying three tasers against him only in that action. Thus, the court dismisses the claims.

To the extent Peterson alleges on July 18, 2025, defendant Jones and other officers choked, beat, slammed, and tazed him in front of Sheetz, and that on August 30, 2025, defendant Smith and other officers shot at him over 500 times, Peterson's conclusory allegations constitute "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, and fail to "give [any] defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted); see Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Thus, the court directs Peterson to file one operative amended complaint which

6

contains "a short and plain statement of the claim showing that [Peterson] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Peterson must specifically explain each defendant's role in any alleged constitutional deprivation, the injury stemming from the defendant's actions or inactions, and the alleged facts to support his claim. This is not an invitation to make new claims or add new defendants. The court notifies Peterson that the court will consider his amended complaint in its entirety, and the court will not review Peterson's other filings to glean any misplaced claims. Peterson must file his amended complaint on the proper form.

Peterson's amended complaint is subject to further frivolity review. If Peterson's excessive force claims in his amended complaint duplicate his excessive force claim in Peterson II, then the court will dismiss this action as frivolous. Additionally, Peterson may not bring unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent inmates from avoiding the fee payment or three-strikes provisions in the Prison Litigation Reform Act). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. See Fed. R. Civ. P. 20(a)(2); see also Coward v. Clarke, No. 7:20CV702, 2022 WL 971987, at *5 (W.D. Va. Mar. 30, 2022) (unpublished); Patterson v. Smith, No. 1:20CV202, 2021 WL 933860, at *1 n.2 (E.D. Va. Mar. 11, 2021) (unpublished); Jackson v. Olsen, No. 3:09CV43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010). Thus, the court will review Peterson's amended complaint to determine whether severance of any claim is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

As for Peterson's motion for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir.

7

2024); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (citation and quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Peterson's claims are not objectively complex, and Peterson has demonstrated through his filings that he has the capacity to present the claims. Accordingly, the court denies the motion. The court denies Peterson's request for a referral to the Human Relations Commission as baseless.

II.

In sum, the court DENIES plaintiff's motions [D.E. 14, 15], DISMISSES all claims and defendants except plaintiff's excessive force claims against defendants Ennis, Smith, Jones, and Crum, and DIRECTS plaintiff to file one operative amended complaint which complies with Federal Rule of Civil Procedure 8(a) and this order on or before June 29, 2026. Plaintiff must submit his amended complaint on the proper form. The court DIRECTS the clerk to send plaintiff a form section 1983 complaint preprinted with the case number. If plaintiff does not file any response, the clerk shall enter judgment dismissing the action with prejudice without further order of the court.

8

SO ORDERED.  This 10 day of June, 2026.

JAMES C. DEVER III
United States District Judge

9

Case 5:25-ct-03238-D-RJ    Document 19    Filed 06/10/26    Page 9 of 9